Arkun v. Unum Group

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand nineteen.

Present:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

SUSAN ARKUN,

> *Plaintiff-Appellant*,

> v.                                                                    17-3354

UNUM GROUP, UNUMPROVIDENT CORPORATION,
PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:          SUSAN ARKUN, *pro se*, New York, NY.

For Defendants-Appellees:          Louis P. DiGiaimo, Esq., McElroy, Deutsch,
                                   Mulvaney & Carpenter, LLP, Morristown, NJ.

Appeal from the judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Susan Arkun, an attorney appearing *pro se*,[1] appeals the September 14, 2017, decision and order of the District Court for the Southern District of New York, granting summary judgment in favor of Defendants-Appellees Unum Group, Unumprovident Corporation, and Provident Life and Accident Insurance Company (collectively, the "Defendants"). Arkun's complaint alleges that in 1999 she began suffering from a chronic persistent motion sickness that left her disabled and unable to perform her former occupation as a tax attorney. Her complaint seeks a declaratory judgment that she is entitled to long-term disability benefits under a group disability insurance policy (the "Policy"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Here, she challenges the district court's determination that her action is time barred under the Policy's applicable statute of limitations.

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine

---

[1] An attorney appearing *pro se* is not ordinarily entitled to the special solicitude that courts generally extend to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing [her]self ordinarily receives no such solicitude at all."). Here, however, the district court afforded "the full degree of special solicitude to Arkun, whom the Court underst[ood] to have been a tax lawyer, not a litigator." Appendix ("A") at 14 n.3.

2

dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under ERISA § 502(a)(1)(B), a participant in an employee benefit plan may bring an action to recover benefits due under the terms of her plan. 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(1)(B) does not itself specify a statute of limitations. The Supreme Court has held, however, that such suits are time barred if filed after the limitations period set forth in the relevant employee benefit plan, so long as the plan's required time period is reasonable. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 106–07 (2013); *see also id.* at 108 ("The principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan."). This remains true where the plan requires a participant to file suit under § 502(a)(1)(B) within a time period after the participant has submitted "proof of loss." *Id.* at 112–13.

The Policy here contains a three-year limitations period that begins to run at the time proof of loss is due or, if earlier, when received.[2] The Defendants notified Arkun of this deadline on July 14, 2004, when they first determined that she was ineligible under the Policy. Arkun then appealed that determination and indicated that she would submit additional documentation in support of her appeal. On October 6, 2008, the Defendants received this additional information

---

[2] The Policy provides that: "No action at law or in equity may be brought until 60 days after Covered Persons have given us Proof of Loss and have exhausted all appeals. Such action may not be brought more than 3 years after the earlier of: 1. the date we receive Proof of Loss; or 2. the end of the period within which Proof of Loss is required to be given." Special Appendix at 34.

3

from Arkun and began their review. On March 20, 2009, less than six months later, the Defendants denied Arkun's appeal and notified her of her right to seek judicial review. The district court properly reasoned that Arkun had submitted proof of loss by October 6, 2008, and that because the terms of the Policy required her to seek judicial review within three years of that date, Arkun was required to file her lawsuit by October 6, 2011. Instead, Arkun did not file suit until October 22, 2015, more than four years late.

Courts must give effect to a policy's limitations provision unless that period is either unreasonably short or a controlling statute prevents the limitations provision from taking effect. *See Heimeshoff*, 571 U.S. at 109. In this case, "[n]either condition is met." *Id.* Arkun had nearly two and a half years to file this lawsuit after the Defendants denied her appeal. As the district court concluded, this "period is not an unreasonably short one in which to bring a lawsuit and there is no statute governing the Policy that provides otherwise." A. 17; *see also Heimeshoff*, 571 U.S. at 109 (finding "reasonable" a policy that left the claimant with one year in which to file suit following the completion of the administrative review process).

Arkun argues, however, that the three-year limitations period in the policy only applies to initial denials of a claim, and does not apply to subsequent determinations that a claimant is no longer eligible for coverage. In other words, because Defendants originally approved her claim for disability benefits, and only later determined that she was no longer eligible for continuing benefits, she asserts that the three-year limitations term does not apply. Thus, she argues, because the policy is silent as to a limitations period for subsequent denials of coverage, New York's default six-year statute of limitations period for breach of contract claims applies. *See* N.Y. C.P.L.R. § 213(2).

4

We find this argument unpersuasive for two reasons. First, there is nothing in the plain terms of the policy itself to indicate that the three-year limitations period only applies to initial denials and not subsequent denials. Indeed, the term setting out the limitations period simply states that an action cannot be brought more than three years after the date Proof of Loss is due or received, whichever is earlier. Special A. at 34. Proof of Loss is in turn defined as "written evidence satisfactory to [defendants] that [enables claimant to assert that she is] Disabled and entitled to LTD Monthly Benefits." Special A. at 35. Nothing in the definitions of these terms indicates that the three-year limitations period only applies to initial claims, and not subsequent reevaluations of a claimant's eligibility. Therefore, Arkun's submission of evidence that she remained disabled and entitled to continuing disability benefits in 2004, and on internal appeal in 2008, constitutes Proof of Loss sufficient to trigger the three-year limitations period. Second, even if we accepted Arkun's argument that the policy does not specify a limitations period for subsequent claims, and that New York's six-year limitations period applies, her claim would still be time-barred, because this action was not filed until October 22, 2015, more than six years after the Defendants denied her appeal on March 20, 2009.[3]

We have considered all of Arkun's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Arkun's submission of additional documentation in the interim period did not extend the onset of the statute of limitations here.

5